IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Northern Division

**CHARLES SLAUGHTER**                                                                                    **PLAINTIFF**

vs.                                                                              Civil Action No. 3:20-cv-789-CWR-FKB

**DR. THOMAS E. DOBBS, in his Official
Capacity as the Mississippi State Health
Officer**                                                                                                **DEFENDANT**

## MOTION FOR LEAVE TO INTERVENE

Mississippi Association for Home Care ("MAHC"), Sta-Home Health Agency of Jackson, LLC (Sta-Home), Kare-in-Home Health Services, Inc. ("Kare") and WAYS, LLC d/b/a Sunflower Home Health Agency ("WAYS") (collectively, "Intervenors"), pursuant to Federal Civil Rule 24(a)(2), or alternatively 24(b)(1)(B), respectfully request this Court to enter an order granting Intervenors leave to intervene as parties Defendant in this action, and in support would show the Court that intervention is appropriate because:

1. MAHC is a Mississippi non-profit corporation whose members are licensed home health agencies, as defined in the Mississippi State Health Plans referenced in Plaintiff's Complaint, collectively serving patients in all 82 Mississippi counties. MAHC seeks to serve the health needs of all citizens of the state of Mississippi by promoting and maintaining high standards of patients' home health care. In addition, one of MAHC's key purposes is to provide an organized and unified voice for home health agencies in Mississippi. Sta-Home, Kare and WAYS are three of its members.

2. Sta-Home is a licensed home health agency holding a Certificate of Need (CON), now serving the Jackson metropolitan area.

3. Kare is a licensed home health agency holding a CON, now serving large parts of Mississippi from the Gulf Coast to Batesville and Corinth.

4. WAYS is a licensed home health agency holding a CON, now serving ten counties in the Mississippi Delta.

5. Sta-Home, Kare and WAYS, as well as MAHC and its other members, have a unique perspective of the effect of the Certificate of Need laws (CON laws) and statutory moratorium on the issuance of CONs for new home health agencies through their many years of experience in providing home health services as holders of CONs.

6. Sta-Home, Kare and WAYS would show that Medicaid/low-income/indigent citizens of Mississippi would be adversely affected, and over time would likely suffer significant decrease in access to adequate home health care, if the Plaintiff were to prevail in his constitutional attack on Mississippi's CON laws and statutory moratorium.

7. Intervenors would show that the members of MAHC over time would likely be unable to continue to offer the current level of home health care to their Medicaid/low-income/indigent patients, if the Plaintiff were to prevail in his constitutional attack on Mississippi's CON laws and statutory moratorium.

8. Intervenors would show that the members of MAHC, would be adversely affected, and would likely suffer significant economic injury, if the Plaintiff were to prevail in his constitutional attack on Mississippi's CON laws and statutory moratorium.

9. Absent intervention, a determination that the Mississippi CON laws or the statutory moratorium are unconstitutional would as a practical matter impair the Intervenors' ability to protect their long-established interests as holders of CONs for the operation of home health care agencies in Mississippi.

10. The parties already before the Court may not be able to adequately represent Intervenors' interests.

11. Intervenors' defenses address the same questions of law and fact as set forth in the Complaint and Dr. Dobbs' Answer in this action.

WHEREFORE, PREMISES CONSIDERED, Intervenors pray that this Court will enter an order permitting Intervenors to intervene as Defendants in this action as a matter of right under Fed. R. Civ. P. 24(a)(2), or permissively under Rule 24(b)(1)(B). Pursuant to Fed. R. Civ. P. 24(c), Intervenors have attached hereto as Exhibits 1 and 2 their proposed Motion to Dismiss and proposed Memorandum in Support of Intervenors' Motion to Dismiss, respectively, setting forth defenses for which intervention is sought.

RESPECTFULLY SUBMITTED, this the 12th day of February, 2020.

    MISSISSIPPI ASSOCIATION FOR HOME CARE, STA-HOME HEALTH AGENCY OF JACKSON, LLC, KARE-IN-HOME HEALTH SERVICES, INC. and WAYS, LLC d/b/a SUNFLOWER HOME HEALTH AGENCY

By: s/*Paul N. Davis*
    PAUL N. DAVIS (MB #8638)
    THOMAS L. KIRKLAND, JR. (MB #4181)
    CAROLINE B. SMITH (MB #105501)

    THEIR ATTORNEYS

OF COUNSEL:
BUTLER SNOW LLP
1020 Highland Colony Parkway
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
(P)(601) 948-5711
(F)(601) 985-4500
(E) paul.davis@butlersnow.com
(E) tom.kirkland@butlersnow.com
(E) caroline.smith@butlersnow.com

## CERTIFICATE OF SERVICE

I, Paul N. Davis, do hereby certify that on this 12th day of February, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all registered attorneys.

This the 12th day of February, 2020.

s/ *Paul N. Davis*
Paul N. Davis
