IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Northern Division

**CHARLES SLAUGHTER**                                                                           **PLAINTIFF**

vs.                                                                    Civil Action No. 3:20-cv-789-CWR-FKB

**DR. THOMAS E. DOBBS, in his Official
Capacity as the Mississippi State Health
Officer**                                                                                          **DEFENDANT**

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE

Mississippi Association for Home Care ("MAHC"), Sta-Home Health Agency of Jackson, LLC (Sta-Home), Kare-in-Home Health Services, Inc. (Kare) and WAYS, LLC d/b/a Sunflower Home Health Agency ("WAYS") (collectively, "Intervenors"), submit this Memorandum in Support of their Motion for Leave to Intervene as Defendants in this action and to file their proposed Motion to Dismiss and Memorandum in Support of Motion to Dismiss, attached to the Motion as Exhibits 1 and 2, respectively.

### I.   RELEVANT FACTS

MAHC is a Mississippi non-profit corporation whose members are licensed home health agencies, as defined in the Mississippi State Health Plans referenced in Plaintiff's Complaint, collectively serving patients in all 82 Mississippi counties. MAHC seeks to serve the health needs of all citizens of the state of Mississippi by promoting and maintaining high standards of patients' home health care. In addition, one of MAHC's key purposes is to provide an organized and unified voice for home health agencies in Mississippi. Sta-Home, Kare and WAYS are three of its members.

Sta-Home holds a Certificate of Need ("CON") for its locally-owned home health agency, now serving the Jackson metropolitan area.

Kare holds a Certificate of Need ("CON") for its family-owned home health agency, now serving large parts of Mississippi from the Gulf Coast to Batesville and Corinth.

WAYS likewise holds a CON for its locally-owned home health agency serving ten counties in the Mississippi Delta.

Sta-Home, Kare and WAYS, as well as MAHC and its other members, have a unique perspective of the effect of the Certificate of Need ("CON") laws and statutory moratorium on the issuance of CONs for new home health agencies through their many years of experience in providing home health services.

Intervenors would show that Medicaid/low-income/indigent Mississippians would be adversely affected, and over time would likely suffer significant decrease in access to adequate home health care, if the Plaintiff were to prevail in his constitutional attack on Mississippi's CON laws and statutory moratorium.

Intervenors would show that the members of MAHC over time would be unable to continue to offer the current level of home health care to their Medicaid/low-income/indigent patients, if the Plaintiff were to prevail in his constitutional attack on Mississippi's CON laws and statutory moratorium.

Intervenors would show that the members of MAHC would be adversely affected, and would likely suffer significant economic injury, if the Plaintiff were to prevail in his constitutional attack on Mississippi's CON laws and statutory moratorium.

Absent intervention, a determination that the Mississippi CON laws or the statutory moratorium are unconstitutional would as a practical matter impair the Intervenors' ability to

protect their established interests as holders of CONs for the operation of home health care agencies in Mississippi.

The parties already before the Court may not be able to adequately represent Intervenors' interests.

Many of Intervenors' defenses address the same questions of law and fact as the above-captioned action.

## II. ARGUMENT

### A. Intervenors Can Intervene as of Right under Rule 24(a)

Pursuant to Federal Rule of Civil Procedure 24(a), Intervenors can intervene as of right because they "claim[] an interest relating to the property or transaction that is the subject of the action, and [are] so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest" and the "existing parties [do not] adequately represent [their] interest." Fed. R. Civ. P. 24(a)(2).

Intervenors' interest in this case is very simple and the epitome of the Rule: Intervenors are among and represent the very persons whom Plaintiff in this action claims improperly benefit from the Mississippi CON laws and statutory moratorium and whose CONs the Plaintiff seeks to render worthless. Especially since Rule 24 is liberally construed and doubts are to be resolved in favor of the proposed intervenor, the Intervenors should be permitted to intervene. *See Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015).

Rule 24(a) (2) establishes that in order for intervention to be proper, four elements must be met:

> (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4)

3

> the applicant's interest must be inadequately represented by the existing parties to the suit.

*Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994); see also, *Stallworth v. Bryant*, No. 3:16-CV-246-CWR-FKB, 2016 WL 3977245, at *2 (S.D. Miss. July 19, 2016). In considering whether a proposed intervenor satisfies the four-part test, the factual circumstances alleged by the movants should be taken as true. *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015); see also, *Mississippi State Conference of N.A.A.C.P. v. Barbour*, No. 3:11-CV-00159-CWR, 2011 WL 1327248, at *2 (S.D. Miss. Apr. 1, 2011).

### 1. Intervenors' Motion is Timely

Intervenors' intervention here is timely. This litigation is not at an advanced stage and Intervenors have not delayed in filing this motion. Plaintiff commenced this action on December 9, 2020. Defendant Dr. Dobbs' filed his responsive pleading on February 5, 2021, just the past few days before Intervenors filed their motion for leave to intervene. The Court has not yet entered its Initial Order pursuant to Uniform Local Rule 16(a). These facts show that Plaintiff will not suffer any prejudice and this motion is timely. *Stallworth v. Bryant*, No. 3:16-CV-246-CWR-FKB, 2016 WL 3977245, at *2 (S.D. Miss. July 19, 2016).

### 2. Intervenors are, or Represent, Owners of CONs at Issue in this Action, and thus Have a Substantial Legal Interest in this Case

For the second factor, the applicant's substantial legal interest in the case, the Fifth Circuit has opted for an expansive notion of the interest sufficient to invoke intervention of right. *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)("the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process" (citation omitted)). More specifically, in *Texas v. United States*, 805 F.3d 653, 658 (5th Cir. 2015) the Court observed that "[a] property interest, for example, is 'the

4

most elementary type of right that Rule 24(a) is designed to protect,' because it is concrete, specific to the person possessing the right, and legally protectable" (internal citations omitted).

Here, Intervenors' substantial legal interest is clear—they own or represent the owners of CONs that Plaintiff seeks to render null. Ownership of property is a substantial legal interest. *See Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994)(permitting intervention by trade associations representing persons having legally protectable property rights threatened by the relief sought by the plaintiff).

### 3. Absent Intervention, Intervenors' Interest in the CONs Will Be Impaired

In the absence of intervention, Intervenors' ability to protect their CONs will be materially impaired. If Plaintiff's unconstitutionality claims are upheld, then such a finding would necessarily render Intervenors' CONs null, which would be directly contrary to Intervenors' interests. Intervenors could lose such a substantial portion of their market as to render it impracticable to maintain the level of Medicaid/low-income/indigent care they currently provide while Plaintiff and others similarly situated would be under no obligation to provide Medicaid/low-income/indigent care at all.

### 4. Intervenors' Interests May Not Be Adequately Represented

Finally, Intervenors can demonstrate that their interests *may not be* adequately represented by the parties already before the Court. The burden of proof for this element is minimal because it is sufficient that the movant prove that representation *may* be inadequate. *Trbovich v. UMWA*, 404 U.S. 528, 539 (1972). As the Fifth Circuit observed in *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994), "[t]he government must represent the broad public interest, not just the economic concerns of the [home health care] industry . . . . [g]iven the minimal burden on the movants to satisfy this requirement, we conclude that the government's representation of the intervenors'

interest is inadequate." Moreover, any argument that Intervenors' interest is adequately protected "ignores the legal rights associated with formal intervention, namely the briefing of issues, presentation of evidence, and ability to appeal." *Id.* at 1207.

Dr. Dobbs' perspective is required to be from the standpoint of the state agency overseeing the CON laws while the Intervenors' perspective is from the standpoint of home health care providers who have experienced the effects of the CON laws with their patients. This fact alone means that Dr. Dobbs' interests may differ somewhat from Intervenors either now or at some point during the pendency of this action, and thus Intervenors *may not be* adequately represented in this action. *See Linton by Arnold v. Comm'r of Health & Env't, State of Tenn.*, 973 F.2d 1311, 1319–20 (6th Cir. 1992) (holding that differences in parties' roles meant that one could not adequately represent the interests of the other); *McDonough v. City of Portland*, No. 2:15-CV-00153-JDL, 2015 WL 3755289, at *4 (D. Me. June 16, 2015)(trade group representing taxi driver permit holders allowed to intervene in non-permit holder taxi driver's reverse discrimination suit against city because it was possible that at some point the city's interest in defending the case *may* be inadequate to protect the intervenors); *Nat'l Ass'n of Home Builders v. San Joaquin Valley Unified Air Pollution Dist.*, No. 1:07CV0820LJODLB, 2007 WL 2757995, at *5 (E.D. Cal. Sept. 21, 2007)(environmental groups allowed to intervene in action by builders' trade group against governmental District because while the intervenors and "the District share a general interest in public health, the District has a much broader interest in balancing the need for regulations with economic considerations . . . . [g]iven the District's multiple considerations, it is not likely that the District will 'undoubtedly make all the intervener's arguments.'")

B.     In the Alternative, Intervenors May Intervene under Rule 24(b)

Although Intervenors are entitled to intervene as a matter of right given their ownership of the relevant CONs, they should alternatively be granted intervention under Federal Civil Rule 24(b). Rule 24(b) provides: "On timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion, the court considers whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b)(3).

This Court has stated that "permissive intervention, is a two-step process. First, the district court must decide whether the applicant's claim or defense and the main action have a question of law or fact in common. If this threshold requirement is met, then the district court must exercise its discretion in deciding whether intervention should be allowed." Stallworth v. Bryant, No. 3:16-CV-246-CWR-FKB, 2016 WL 3977245, at *2 (S.D. Miss. July 19, 2016)(quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977).

As discussed above, Intervenors' motion is timely, and there is no prejudice to the parties from intervention. In addition, Intervenors' proposed Motion to Dismiss and Memorandum in Support concern the same questions of law and fact as Plaintiff's claims and Dr. Dobbs' defenses regarding whether the Mississippi CON laws and statutory moratorium are constitutional.

Intervention will allow Intervenors to insure their interests are adequately protected. Intervenors' participation will not expand the scope of this litigation and would be clearly compatible with judicial economy and due process. Consequently, Intervenors should be permitted to intervene under Rule 24(b) in order to facilitate the resolution of this matter in one consolidated proceeding.

## III. CONCLUSION

For the reasons noted above, Intervenors pray that this Court will permit Intervenors to intervene as Defendants in this action as a matter of right under Fed. R. Civ. P. 24(a)(2), or, in the alternative, permissively under Fed. R. Civ. P. 24(b)(2).

RESPECTFULLY SUBMITTED, this the 12th day of February, 2020.

        MISSISSIPPI ASSOCIATION FOR HOME CARE, STA-HOME HEALTH AGENCY OF JACKSON, LLC, KARE-IN-HOME HEALTH SERVICES, INC. and WAYS, LLC d/b/a SUNFLOWER HOME HEALTH AGENCY

By: s/*Paul N. Davis*
    PAUL N. DAVIS (MB #8638)
    THOMAS L. KIRKLAND, JR. (MB #4181)
    CAROLINE B. SMITH (MB #105501)

    THEIR ATTORNEYS

OF COUNSEL:
BUTLER SNOW LLP
1020 Highland Colony Parkway
Post Office Box 6010
Ridgeland, Mississippi 39158-6010
(P)(601) 948-5711
(F)(601) 985-4500
(E) paul.davis@butlersnow.com
(E) tom.kirkland@butlersnow.com
(E) caroline.smith@butlersnow.com

## CERTIFICATE OF SERVICE

I, Paul N. Davis, do hereby certify that on this 12th day of February, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all registered attorneys.

This the 12th day of February, 2020.

s/ *Paul N. Davis*
Paul N. Davis