**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

CHARLES SLAUGHTER, *Plaintiff,*

v.　　　　No. 3:20-CV-789-CWR-ASH
　　　　　ORAL ARGUMENT REQUESTED

DR. DANIEL P. EDNEY,
IN HIS OFFICIAL CAPACITY AS THE
MISSISSIPPI STATE HEALTH OFFICER, ET AL.　　*Defendants.*

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
MOTION FOR LEAVE TO FILE DISPOSITIVE MOTION RETROACTIVELY**

## INTRODUCTION

This suit involves a challenge to a portion of the Mississippi Health Care Certificate of Need Law of 1979 and a moratorium on the issuance of certain certificates of need. Plaintiff filed his cross-motion for summary judgment (Docs. 88) and accompanying memorandum (Doc. 89) on February 9, 2024. On February 15, 2024, the Parties[1] jointly advised the Court that Plaintiff's motion had been filed seven days "beyond the Motion deadline of February 2, 2024, due to a personal emergency within plaintiff's counsel's family." *See* Doc. 90 at ¶ 9. On March 1, 2024, the State timely filed a response to Plaintiff's motion, Doc. 92, ("State's Resp."). Plaintiff's reply is due on March 22, 2024.

In its response, the State correctly notes that Plaintiff's motion was filed late and without leave of Court. *Id.* at 3. Plaintiff respectfully requests the Court to enter a separate order granting this motion for leave retroactively and deeming his dispositive motion filed on February 9, 2024.

---

[1] "Parties" is used collectively herein to refer to Plaintiff, Charles Slaughter; Defendant, Dr. Daniel P. Edney, in his official capacity as the Mississippi State Health Officer; and Intervenor–Defendant, Mississippi Association for Home Care, Inc. There are no other parties.

## BACKGROUND

On January 19, 2024, a family emergency arose involving Plaintiff's counsel's[2] child. While the circumstances are personal to the minor child, the undersigned believes the Parties agree that they involved events outside of Plaintiff's counsel's control, affected the well-being of his child, and required his immediate attention.

The Parties have repeatedly advised the Court that they believe this matter will be decided on dispositive motions. While contending with these urgent family matters, the undersigned was aware of the motions deadline and intended to timely file Plaintiff's cross-motion for summary judgment. Events related to the family emergency unfolded unpredictably, however, and required significant amounts of time and attention for several weeks.

On January 30, 2024, three days before the motions deadline, Plaintiff's counsel informed counsel for the defendants of the ongoing family emergency by email and phone. As the State correctly notes, the scheduling order has been amended several times by consent or joint motions. *Id*. at 2. Those extensions were related to difficulties encountered by the parties during discovery and were not requested with respect to the dispositive motions deadline. In his communications with opposing counsel, the undersigned conveyed that he was aware of the Court's instruction that no further extensions would be granted and was making all diligent efforts to file Plaintiff's motion before the deadline.

Despite those efforts, Plaintiff's counsel was unable to meet the deadline, and informed counsel for the Defendants on February 2, 2024. He agreed not to access Defendants' motions

---

[2] "Plaintiff's counsel" is used herein to refer to Plaintiff's lead counsel. Plaintiff has one other attorney of record who serves in a *pro bono* capacity. As this matter progressed, however, lead counsel was able to attend to all relevant responsibilities, and thus, *pro-bono* co-counsel was not intimately involved in this aspect of the litigation. By the time of the motions deadline, a sudden transfer of responsibilities was not a viable option, as extensive discovery had been conducted and numerous complex constitutional arguments were being pursued.

2

which had been filed earlier that day and strove to file Plaintiff's motion with as little delay as possible. On February 9, 2024, he filed Plaintiff's cross-motion for summary judgment and sent PACER account records to opposing counsel to confirm that he had not accessed their motions.

## ARGUMENT

Courts may, for good cause, extend a motion deadline after it has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the non-movant, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indemnity Co.,* 465 F.3d 156, 161 n. 8 (5th Cir. 2006) (citation omitted). "Good cause" exists when the party "could not have met the deadline despite its diligence." *S & W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536–38 (5th Cir. 2003).

Applying these standards, district courts have allowed late filings in circumstances similar to those here. *See e.g. Chase Home Finance, LLC v. Shakir*, 2010 WL 11553257 at *1 (N.D. Miss. 2010) (family emergency); *Stark-Romero v. National R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 549 (D. N.M. 2011) (same); *RE/MAX Intern., Inc. v. Trendsetter Realty, LLC*, 655 F.Supp.2d 679, 693 (S.D. Tex., 2009) (multiple prior extensions had been granted but late filing was the first request with respect to dispositive motion deadline, 11 day "delay was short" and caused no prejudice); *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F.Supp.2d 548, 563 (E.D. La. 2013) (allowing dispositive motion filed without request for leave, despite prior order indicating deadlines would not be extended, where court would decide the same issues at bench trial as presented by the motion); *Arnold v. National Cas. Co.*, 2014 WL 50832, at *3 (W.D. La. 2014) ("Defendants never requested leave to amend the scheduling order deadline for dispositive

3

motions. However, it is within this Court's discretion to construe Defendants' Motion for Partial Summary Judgment as a motion requesting leave to amend the scheduling order."); *Louisiana United Business Association Casualty Insurance Co. v. J & J Maintenance*, Inc., 328 F.Supp.3d 563, 568-69 (W.D. La., 2018) (late summary judgment motion addressed same legal question posed by opposing party's motion); *Sentinel Insurance Company Limited v. Head to Toe Therapy Incorporated*, 2023 WL 8002848, at *1 (D. Ariz. 2023) (same); *Mattress Giant Corp. v. Motor Advertising & Design Inc.*, 2008 WL 898772 (N.D. Tex. 2008) (movant communicated with opposing counsel and assumed consent despite no explicit agreement).

## CONCLUSION

Plaintiff's counsel acknowledges that "the preferred procedure would have been for [Plaintiff] to seek leave of court or an extension of time prior to the dispositive motion deadline" and will not repeat the error. *Arnold*, 2014 WL 50832, at *3. Given the circumstances involved here, however, Plaintiff respectfully requests the Court to enter a separate order granting this motion for leave retroactively and deeming his dispositive motion filed on February 9, 2024.

RESPECTFULLY SUBMITTED, this the 20th day of March, 2024.

    /s/ *Aaron R. Rice*
Aaron R. Rice
MS Bar No. 103892
MISSISSIPPI JUSTICE INSTITUTE
520 George St.
Jackson, MS 39202
Tel: (601) 969-1300
aaron.rice@msjustice.org

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Aaron R. Rice, counsel for Plaintiff, hereby certify that the foregoing document has been filed using the Court's ECF filing system and thereby served on all counsel of record who have entered their appearance in this action to date.

This the 20th day of March, 2024.

                                                  /s/ *Aaron R. Rice*
                                                  Aaron R. Rice