**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **DR. CHARLES SLAUGHTER,**<br><br>*Plaintiff,*<br><br>*v.*<br><br>**DR. DANIEL P. EDNEY, *in his Official Capacity as the Mississippi State Health Officer,***<br><br>*Defendant,*<br><br>*and*<br><br>**MISSISSIPPI ASSOCIATION FOR HOME CARE,**<br><br>*Intervenor-Defendant.* | CAUSE NO. 3:20-CV-789-CWR-ASH |

**ORDER**

Before the Court is the Independent Nursing Home Association's ("INHA") Motion to Intervene as a Nonparty for the Limited Purpose of Filing a Motion for Clarification, Docket No. 109, Plaintiff's Response, Docket No. 114, Defendant's Response in Opposition, Docket No. 115, and INHA's Reply to Defendant's Response, Docket No 116. Having reviewed the submissions of the parties, along with relevant case law, the motion will be denied.

INHA seeks "leave to appear as *amicus curiae* for the specific and limited purpose" of filing a motion for clarification regarding the "intended scope" of the Court's January 28, 2026, Order, Docket No. 107, and the "applicability" of that Order "to Rule 2.2 as it relates to

the Nursing Home Moratorium" codified under Section 41-7-191(2) of the Mississippi Code.[1] Docket No. 109 at 1-3. INHA does not move for any other relief. The Court's Order speaks for itself, and the Court does not have jurisdiction to issue advisory opinions. *St. Pierre v. U.S.*, 319 U.S. 41, 42 (1943) (per curiam). For these reasons, INHA's Motion to Intervene as a Nonparty for the Limited Purpose of Filing a Motion for Clarification, Docket No. 109, is denied.

**SO ORDERED**, this the 3rd day of September, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

[1] INHA asserts that its appearance as a nonparty is authorized by Federal Rule of Civil Procedure 24(b). Docket No. 109 at 2. Plaintiff argues in its Response that INHA "seeks the conflicting roles of both an intervenor—which requires party status—and a nonparty amicus curiae," and asks the Court to construe INHA's motion as a motion for leave to file a brief of amicus curiae. Docket No. 114 at 1. Defendant argues that INHA's motion should be denied for failure to satisfy the requirements of Federal Rule of Civil Procedure 24. Docket No. 115 at 1-3. Because the Court dismisses INHA's motion for seeking an advisory opinion, the Court does not address whether the motion was proper under Federal Rule of Civil Procedure 24(b).